## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEMETRIUS PIRL,                              )
                                             )          CIVIL ACTION NO. 3:19-cv-208
                    Plaintiff,               )
                                             )          JUDGE KIM R. GIBSON
            v.                               )
                                             )
SERGEANT, MAJOR RINGLING, and                )
FACILITY MANAGER ERIC TICE,                  )
                                             )
                    Defendants.              )

### MEMORANDUM OPINION

## I.      Introduction

Plaintiff Demetrius Pirl ("Pirl" or "Plaintiff"), an inmate previously incarcerated at State

Correctional Institute at Somerset ("SCI Somerset"), filed this *pro se* civil rights action arising out

of allegations that he was physically attacked after Defendant Gary Ringling ("Ringling") labeled

Pirl a "rat" and "snitch" in front of other inmates. Pirl also alleges that Defendant Eric Tice ("Tice"

collectively with Ringling, "Defendants") failed to take preventative measures in response to

Ringling's reported behavior which resulted in Pirl being attacked by other inmates on October

9, 2019.

Pending before the Court are the following motions *in limine* filed by Pirl (each of which

is accompanied by a brief in support) to:

1.  Preclude Statements Made by Inmates Aaron Cruz ("Cruz") and Chris Johnson
    ("Johnson") (ECF Nos. 94, 95);

2.  Preclude Defendants from Offering Evidence and Arguments Relating to Matters
    Already Established as a Matter of Law (ECF Nos. 96, 97);

3. Preclude Certain Statements from William D. Fisher's ("Fisher") Written Statement (ECF Nos. 98, 99);

4. Preclude Certain Statements from Officer William J. Golden's ("Golden") Statement (ECF Nos. 100, 111);

5. Preclude Defendants from Offering Derogatory Photographs and Prisoner Nicknames from the Killinger Memo (ECF Nos. 101, 102);

6. Preclude Defendants from Offering Evidence Concerning Plaintiff's Past Offenses and Convictions (ECF Nos. 103, 104);

7. Preclude Defendants from Offering Evidence Concerning Plaintiff's Disciplinary Record (ECF Nos. 105, 106);

8. Preclude Evidence of Plaintiff's Unrelated February 20, 2021 Incident, Involving Injury to His Right Hand (ECF Nos. 107, 108); and

9. Preclude Defendants from Offering Out-of-Court Statements and Speculative Statements from the Killinger Memo (ECF Nos. 109, 110).

Defendants have responded to many of Pirl's motions (ECF Nos. 124, 125, 126, 127, 128, 129, 130, 131). The time for filing responses has passed and the motions are ripe for disposition.

For the following reasons, the Court:

1. **GRANTS IN PART AND DENIES IN PART** Pirl's Motion to Preclude Statements Made by Cruz and Johnson (ECF No. 94);

2. **GRANTS** Pirl's Motion to Preclude Defendants from Offering Evidence and Arguments Relating to Matters Already Established as a Matter of Law (ECF No. 96);

3. **GRANTS** Pirl's Motion to Preclude Certain Statements from Fisher's Statement (ECF No. 98);

4. **GRANTS** Pirl's Motion to Preclude Certain Statements from Golden's Statement (ECF No. 100);

5. **GRANTS IN PART AND DENIES IN PART** Pirl's Motion to Preclude Defendants from Offering Derogatory Photographs and Prisoner Nicknames from the Killinger Memo (ECF No. 101);

6. **GRANTS** Pirl's Motion to Preclude Defendants from Offering Evidence Concerning Plaintiff's Past Offenses and Convictions (ECF No. 103);

7. **GRANTS IN PART AND DENIES IN PART** Pirl's Motion to Preclude Defendants from Offering Evidence Concerning Plaintiff's Disciplinary Record (ECF No. 105);

8. **GRANTS** Pirl's Motion to Preclude Evidence of Plaintiff's Unrelated February 20, 2021 Incident, Involving Injury to His Right Hand (ECF No. 107); and

9. **GRANTS** Pirl's Motion to Preclude Defendants from Offering Out-of-Court Statements and Speculative Statements from the Killinger Memo (ECF No. 109).

## II.   Background[1]

Pirl filed his motions *in limine* on June 10, 2022. Defendants filed their briefs in opposition to Pirl's motions on July 1, 2022. (ECF Nos. 94–111; 124-131).

---

[1] A detailed description of the factual background of this case can be found in United States Magistrate Judge Maureen P. Kelly's Report and Recommendation. (ECF No. 51)

III.     **Legal Standard**

A. **Relevance**

Under Rule 402 of the Federal Rules of Evidence, relevant evidence is admissible unless the Constitution, a federal statute, the Federal Rules of Evidence, or rules prescribed by the Supreme Court provide otherwise. FED. R. EVID. 402. Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. FED. R. EVID. 401. Rule 401 does not set a high standard for admissibility. *Hurley v. Atl. City Police Dep't*, 174 F.3d 95, 109–10 (3d Cir. 1999). The Third Circuit has explained:

> [R]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case. Because the rule makes evidence relevant if it has any tendency to prove a consequential fact, it follows that evidence is irrelevant only when it has *no* tendency to prove the fact.

*Blancha v. Raymark Indus.*, 972 F.2d 507, 514 (3d Cir. 1992) (citations and internal quotation marks omitted) (emphasis in original).

Under Rule 403, relevant evidence is inadmissible "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Rule 403 mandates a balancing test, "requiring sensitivity on the part of the trial court to the subtleties of the particular situation." *United States v. Vosburgh*, 602 F.3d 512, 537 (3d Cir. 2010). Importantly, "'unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'" *Carter v. Hewitt*, 617 F.2d 961, 972 n.14 (3d Cir. 1980). "Unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily,

an emotional one." *McBride v. Petulla*, No. 3:16-cv-256, 2020 WL 1032535, at *1 (W.D. Pa. Mar. 3,

2020) (quoting FED. R. EVID. 403 advisory committee's note to 1972 proposed rules).

**B. Hearsay**

Hearsay is "a statement that (1) the declarant does not make while testifying at the current

trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the

statement." FED R. EVID. 801(c). Hearsay evidence is generally inadmissible unless an exception

applies pursuant to statute, the Federal Rules of Evidence, or other rules prescribed by the United

States Supreme Court. *See* FED R. EVID. 802.

Rule 803 provides several exceptions to the rule against hearsay, regardless of whether

the declarant is available to testify. FED R. EVID. 803. More specifically, Rule 803(6) provides that

a record of an act, event, condition, opinion or diagnosis is admissible as an exception to the rule

against hearsay if:

> (A) the record was made at or near the time by — or from information transmitted
>     by — someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a
>     business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another
>     qualified witness, or by a certification that complies with Rule 902(11) or (12)
>     or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or
>     circumstances of preparation indicate a lack of trustworthiness.

FED R. EVID. 803(6).

Additionally, the Federal Rules of Evidence provide an exception for public records. FED

R. EVID. 803(8). Rule 803(8) provides that a public record is admissible in a civil case if the record

sets forth "factual findings from a legally authorized investigation" and the information in the

record does not indicate a lack of trustworthiness. *Id.* The Rule is "premised on the assumption that public officials perform their duties properly without motive or interest other than to submit accurate and fair reports." *U.S. v. Versaint,* 849 F. 2d 827, 832 (3d Cir. 1988). In evaluating the trustworthiness of a public record under Rule 803(8) courts have considered the timeliness of the investigation, the skill or experience of the investigating officers, whether a hearing was held, and the presence of any improper motive. *See Vanderpoel v. A-P-A Transport Corp.,* 1992 WL 158418, at *4 (E.D. Pa. 1992).

Lastly, Rule 807 provides a Residual Exception to the rule against hearsay. FED R. EVID. 807. Under Rule 807, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804, subject to the following conditions:

> (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
> (2) it is more probative on the point for which it is offered than by any other evidence that the proponent can obtain through reasonable efforts.

FED R. EVID. 807(a).

## III.    Discussion

### 1.   The Court Grants in Part and Denies in Part Pirl's Motion to Preclude Defendants from Offering Statements Made by Cruz and Johnson

Pirl moves the Court to preclude Defendants from introducing written statements made by Cruz and Johnson found in Lieutenant Kevin Turner's Investigative Report ("Turner Report") because Cruz and Johnson's statements are inadmissible hearsay. (ECF No. 95 at 2). Pirl contends that Cruz and Johnson's statements are inadmissible hearsay because Cruz and Johnson's

statements are not trustworthy. (*Id.* at 3-4) (citing FED R. EVID. 803(6)(E), 803(8)(B) and 807(a)(1)).

Further, Pirl asserts that Cruz and Johnson's statements are not trustworthy because (1) both Cruz

and Johnson's statements were drafted approximately two months following the attack on Pirl,

(2) Cruz and Johnson have a history of animus against Pirl, and (3) Cruz and Johnson were

motivated by self-interest when drafting their statements. (*Id.*).

In response, Defendants argue that Cruz and Johnson's statements are not hearsay

because both Cruz and Johnson will be available to testify and have been identified as witnesses

on Defendants' pretrial witness list. (ECF No. 124 at 2) (citing FED R. EVID. 801(d)). Moreover,

Defendants argue that, despite Pirl's allegations that Cruz and Johnson's statements are

untrustworthy, there is no indication that the statements made by Cruz and Johnson are

untrustworthy. (*Id.* at 3-6).

In its entirety, Cruz's statement reads as follows: "On 10/9/19 I was in a fight. But I did

not cut anybody and I had never heard anything about ~~anything~~ a staff putting any hit out. We

were in a fight, that's all I know." (ECF No. 94-2 at Exhibit A). Johnson's statement reads as

follows: "On October 9th I jumped in a fight to help my friend (Cruz) because the other guy was

getting the best of him but I don't know what the fight was about." (*Id.*). Cruz's statement was

taken on November 27, 2019, and Johnson's statement was taken on December 17, 2019. (*Id.*).

Under Rule 805, "hearsay within hearsay is not excluded by the rule against hearsay if

each part of the combined statements conforms with an exception to the rule [against hearsay]."

FED R. EVID. 805. Although portions of the Turner Report are likely admissible under the public

records exception to the rule against hearsay, all statements contained in the Turner Report must

also conform with an exception to the rule against hearsay. *Id.* Here, the Court finds that Cruz

and Johnson's statements are inadmissible hearsay because they do not meet the admissibility requirements under Rule 803(8), 803(6), or 807(b). Indeed, Rule 803(8) requires that a statement be made by a public office. FED R. EVID. 803(8). Cruz and Johnson's statements are personal statements—not statements made by a public office. (ECF No. 94-2 at Exhibit A). Moreover, Cruz and Johnson's statements are not factual findings from a legally authorized investigation as required under the rule. Fed R. Evid. 803(8)(A)(i). Accordingly, Cruz and Johnson's statements are not admissible under the public records exception to the rule against hearsay.

Further, the Court finds that Cruz and Johnson's statements are not admissible under the records of a regularly conducted activity exception to the rule against hearsay. FED R. EVID. 803(6). Neither Cruz nor Johnson's statements were made at or near the time they were involved in the attack on Pirl. *See* ECF No. 94-2 at Exhibit A and FED R. EVID. 803(6)(A). Indeed, Cruz's statement was made approximately seven weeks following the attack on Pirl, and Johnson's statements was made approximately 10 weeks following the date of the attack on Pirl. (ECF No. 94-2). Moreover, given the significant gap in time between the attack on Pirl and Cruz and Johnson's statements, both statements lack the requisite trustworthiness required under the rule. FED R. EVID. 803(6)(E). Therefore, neither Cruz nor Johnson's statement is admissible under the record of a regularly conducted activity exception to the rule against hearsay.

Lastly, the Court finds that Cruz and Johnson's statements are not admissible under the residual exception to the rule against hearsay. The residual exception requires that the party offering the hearsay statement demonstrate that the statement is "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." FED. R. EVID. 807(b). Defendants have already indicated that Cruz and Johnson are

available to testify and have included them on their witness list. (ECF No. 124 at 2). Given that the Defendants can obtain direct testimony from both Cruz and Johnson at trial if needed, the hearsay statements contained in the Turner Report are not admissible under the residual exception to the rule against hearsay.

Notwithstanding the foregoing, the Court finds that Cruz and Johnson's statements may be admissible as non-hearsay under Rule 801(d). Under Rule 801(d), a statement is not hearsay if the declarant testifies and is subject to cross-examination about a prior statement, and the statement is, "consistent with the declarant's testimony and is offered: (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground…." FED R. EVID. 801(d)(B). If Cruz and Johnson testify and are subject to cross-examination at trial, the statements contained in the Turner Report may be admissible as non-hearsay to rebut a charge that they fabricated their statements, or to rehabilitate their credibility as witnesses. However, to the extent Defendants seek to admit Cruz and Johnson's statements contained in the Turner Report for the truth of the matters asserted, the Court finds Cruz and Johnson's statements are inadmissible hearsay.

### 2. The Court Grants Pirl's Motion to Preclude Defendants from Offering Evidence and Arguments Relating to Matters Already Established as a Matter of Law

Pirl moves to preclude Defendants from offering evidence related to his alleged failure to exhaust his administrative remedies as required under Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and Pennsylvania Department of Corrections ("DOC") manuals and policies. (ECF No. 97). Pirl contends that Defendants should be precluded from introducing such evidence

because (1) whether Pirl exhausted his administrative remedies was determined at summary judgment, (2) the plain language of United States Magistrate Judge Maureen P. Kelly's ("Judge Kelly") Report and Recommendation (ECF No. 51) and this Court's Memorandum Order adopting Judge Kelly's Report and Recommendation (ECF No. 64), clearly find that Pirl has exhausted his administrative remedies, (3) the law of the case doctrine precludes this Court from deciding an issue that was resolved earlier in litigation, and (4) any evidence introduced by Defendants pertaining to whether Pirl has exhausted his administrative remedies would be irrelevant. (ECF No. 97 at 1-5).

In response, Defendants assert that Pirl has misinterpreted Judge Kelly's Report and Recommendation. (ECF No. 125 at 2-5). Specifically, Defendants argue that Defendants' failure to meet their burden of proof at summary judgment does not establish that Pirl has met his burden in demonstrating that he has exhausted his administrative remedies. (*Id.*). Further, Defendants allege that there is new evidence now available that was not available at the time Judge Kelly issued her Report and Recommendation.[2] (*Id.*). Therefore, Defendants contend they should be permitted to introduce evidence at trial that demonstrates Pirl has not exhausted his administrative remedies as required under the PLRA and Pennsylvania DOC manuals and policies. (*Id.*).

In her Report and Recommendation, Judge Kelly reviewed the administrative remedies available to Pirl under Pennsylvania DOC Policies DC-ADM 804 and DC-ADM 001. (ECF No. 51 at 9-22). With respect to DC-ADM 804, Judge Kelly explained that the administrative remedies

---

[2] Defendants have not produced the new evidence they allege was not available at the time Judge Kelly issued her Report and Recommendation. (ECF No. 125 at 2).

under DC-ADM 804 were "unavailable" to Pirl at the time he brought this action. (*Id.* at 16). In short, Judge Kelly found that Pirl had filed his Complaint only after the extended deadline for prison officials to respond to Grievance No. 829095 had expired. (*Id.*). Further, the Grievance History report filed by the Defendants listed the "Status" of Grievance No. 829095 as "Initial Response Pending." (*Id.*). Given that (1) the deadline for prison officials to respond to Grievance No. 829095 had expired, and (2) that no further action had been taken concerning Grievance No. 829095, Judge Kelly concluded that Pirl had "fully discharged the PLRA's exhaustion requirement." (*Id.* at 16) (quoting *Shifflet v. Korszniak*, 934 F.3d 356, 365 (3d Cir. 2019)).

In the alternative, Judge Kelly also found that DC-ADM 001 applied to Pirl's Grievance No. 829095 because (1) Ringling's alleged conduct clearly satisfied the definition of "abuse" under DC-ADM 001, and (2) Pirl's Grievance No. 829095 was administered according to DC-ADM 001. (ECF No. 51 at 19-20). Although the United States Court of Appeals for the Third Circuit "has not considered whether a Pennsylvania prisoner can exhaust his administrative remedies through DC-ADM 001," Judge Kelly concurred with several district courts in finding that DC-ADM 001 provides an alternative means for Pirl to exhaust his claim based on the assault at issue. (*Id.* at 20-21) (quoting *Victor v. Lawler*, 565 F. App'x. 126, 129 (3d Cir. 2014)). In applying DC-ADM 001, Judge Kelly found that Defendants had not satisfied their burden to prove that Pirl failed to exhaust his administrative remedies. (*Id.* at 21). Specifically, Judge Kelly concluded that Defendants had not met their burden because (1) Defendants did not proffer any evidence that prison officials had conducted any investigation into Pirl's grievance, and (2) Defendants did not proffer any evidence that an investigation was still ongoing at the time Pirl filed suit. (ECF No. 51 at 22).

Under Third Circuit precedent, "exhaustion [of administrative remedies] is a question of law to be determined by a judge, even if that determination requires the resolution of disputed facts." *Small v. Camden Cty.*, 728 F.3d 265, 269 (3d Cir. 2013). Indeed, "judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury." *Paladino v. Newsome*, 885 F.3d 203, 210 (3d Cir. 2018) (internal quotation marks and citation omitted). When a district court elects "to resolve factual disputes regarding exhaustion," it must give some "form of notice to the parties and an opportunity to respond." *Id.* at 211.

In reviewing the Report and Recommendation, the Court finds that Judge Kelly determined that Pirl exhausted his administrative remedies as a matter of law. (ECF No. 51). Moreover, in reaching this determination, Judge Kelly did not state or imply that she was resolving any factual disputes between the parties. (*Id.*). Therefore, Judge Kelly was under no obligation to give the parties notice that she was resolving a factual dispute, nor was she required to give the parties an opportunity to respond to her finding. (*Id.*). Notwithstanding the foregoing, Defendants were allotted approximately fourteen days to file written objections to the Report and Recommendation. (ECF No. 51) (stating that, "Objections to R&R due by 4/12/2021. Objections to R&R for Unregistered ECF Users due by 4/15/2021."). Defendants did not file any objections to the Report and Recommendation. (ECF No. 64). Receiving no objections from Defendants, and upon notice from Pirl that he had no objections to the Report and Recommendation, this Court agreed with Judge Kelly's finding that Pirl had exhausted his administrative remedies and adopted her finding in its Memorandum Order. (*Id.*).

Based on the foregoing, the Court finds that Judge Kelly and this Court have already ruled that Pirl has exhausted his administrative remedies as a matter of law. Therefore, Defendants are

precluded from introducing evidence that Pirl did not exhaust his administrative remedies at trial.

### 3.   The Court Grants Pirl's Motion to Preclude Certain Statements from Fisher's Written Statement

Pirl argues that certain written statements by Fisher contained in the Turner Report should not be admitted into evidence because Fisher's statements are (1) inadmissible hearsay, and (2) Fisher lacked the personal knowledge as required under Federal Rules of Evidence 602 when authoring the statement. (ECF No. 99 at 2-4). In response, Defendants argue that Fisher's statements are not hearsay because he will be available to testify and has been identified as a witness on Defendants' pretrial witness list. (ECF No. 126 at 2) (citing FED. R. EVID. 801(d)). Moreover, Defendants argue that Fisher's statements are admissible under the record of a regularly conducted activity exception, or the public record exception to the rule against hearsay. (*Id.*). Lastly, Defendants argue that Fisher has personal knowledge as required under Rule 602, and, despite Pirl's allegations that Fisher's statements are untrustworthy, there is no indication that the statements made by Fisher are untrustworthy. (*Id.* at 2-5).

Under Rule 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony…." FED. R. EVID. 602. A district court "has discretion to decide whether this burden of personal knowledge has been met. *Wilhelm v. Pennsylvania*, 118 F. App'x. 611, 613 (3d Cir. 2004) (citing *U.S. v. Lake*, 150 F.3d 269, 273 (3d. Cir.1998)).

In relevant part Fisher's statement reads: "with all the fuss going on at the east yard I did overhear inmate saying the assult [*sic*] on Pirl was revenge for inmate [T]rax…This officer heard threw [*sic*] jailhouse rumor from multiple inmates the inmate Pirl was (shot) aka sliced because he put a hit on inmate [T]rax." (ECF No. 98-2).

Here, the Court finds that Fisher's statement is inadmissible hearsay. Specifically, the Court finds that Fisher's statement lacks the requisite trustworthiness needed to be admitted under any exception to the rule against hearsay because (1) the statement was made more than a month after the attack on Pirl occurred, and (2) Fisher lacks personal knowledge concerning the motive behind the attack on Pirl. Indeed, in reviewing Fisher's statement, it is clear that Fisher's knowledge about the motive behind the attack on Pirl is based on (1) overhearing a comment from an unidentified inmate, and (2) a jailhouse rumor. (ECF No. 98-2). Neither source of information forms a sufficient basis to establish personal knowledge on the part of Fisher regarding the motive behind the attack on Pirl. Accordingly, the Court finds that the portions of Fisher's statement referenced above will not be admitted into evidence.

4. **The Court Grants Pirl's Motion to Preclude Certain Statements from Golden's Written Statement**

Pirl also moves the Court to preclude Defendants from admitting Golden's written statement which reads: "After the incident, I did overhear another inmate mention about inmate Pirl not paying drug debts." (ECF Nos. 100-2, 111). The parties offer the same arguments for and against the admissibility of Golden's statement as they did regarding Fisher's statement. (ECF Nos. 111, 127). Here, the Court finds that the portion of Golden's written statement referenced above is inadmissible hearsay. Similar to Fisher's statement, Golden's statement asserts that his

knowledge about the motive behind Pirl's attack is based on overhearing an unidentified inmate say that Pirl was attacked for not paying drug debts. (ECF No. 100-2). Like Fisher, Golden (1) lacks personal knowledge regarding the motive behind the attack on Pirl, and (2) Golden's statement lacks the requisite trustworthiness to be admitted under any exception to the rule against hearsay. Accordingly, the Court finds that the portions of Golden's statement referenced above will not be admitted into evidence.

### 5. The Court Grants in Part and Denies in Part Pirl's Motion to Preclude Defendants from Offering Derogatory Photographs and Prisoner Nicknames from the Killinger Memo

Pirl also moves the Court to preclude Defendants from offering what he believes are derogatory photographs and prisoner nicknames from the Killinger Memo. (ECF No. 102). Pirl argues that the photographs and nicknames should not be admitted because (1) they are not relevant to the case, and (2) the probative value of the photographs and nicknames are substantially outweighed by prejudice to Pirl. (*Id.* at 1-5). In response, Defendants contend that the photographs contained in the Killinger memo are relevant to the case and would not substantially prejudice Pirl. (ECF No. 128). Defendants raise no argument against Pirl's assertion that the inmate nicknames are irrelevant and prejudicial (*Id.*).

Here, the Court finds that the nicknames of Pirl, Cruz and Johnson contained in the Killinger Memo are not relevant because the nicknames have no tendency to make a fact of consequence in this case more or less probable. Accordingly, the nicknames associated with Pirl, Cruz and Johnson will not be admitted into evidence.

Next, concerning the photographs of Pirl, Cruz and Johnson, the Court finds that the photographs are relevant and will assist the jury in identifying the parties who were involved in

the attack on Pirl. Moreover, the Court finds that the probative value of the photographs is not substantially outweighed by a risk of prejudice to Pirl. In reviewing the photographs, the Court finds that the photos do not carry a negative inference that Pirl, Cruz and Johnson are "untrustworthy criminals" as Pirl alleges. (ECF No. 102 at 4). Rather, the Court finds the straight-on, head-shot photographs of Pirl, Cruz and Johnson more closely resemble a photograph one would see on a driver's license or passport. In short, none of the photographs appear to resemble mugshots that could lead the jury to ascribe undue hostility and/or give Pirl's testimony less weight as Pirl alleges. Therefore, the Court will permit the photographs and names of Pirl, Cruz and Johnson contained in the Killinger Memo to be admitted into evidence.

### 6. The Court Grants Pirl's Motion to Preclude Defendants from Offering Evidence Concerning Pirl's Past Offenses and Convictions

Pirl next moves the Court to preclude Defendants from offering evidence concerning Pirl's past offenses and convictions because (1) his past offenses and convictions are irrelevant, and (2) the probative value of his past offenses and convictions are substantially outweighed by prejudice to Pirl. (ECF No. 104 at 2-4). In response, Defendants argue that Pirl's past offenses and convictions are (1) directly relevant to the case at bar, (2) that the probative value of Pirl's past offenses and convictions are not substantially outweighed by unfair prejudice, and (3) Pirl's past offenses and convictions are admissible under Federal Rule of Evidence 609. (ECF No. 129 at 2).

The Court notes that it has not been provided any specific information concerning the evidence Defendants may offer about Pirl's past offenses and convictions. Nevertheless, in reviewing the entire record in this case, the Court notes that Pirl was convicted for first-degree murder as reported in the Extraordinary Occurrence Report. (ECF No. 42-1 at Exhibit A).

Therefore, the Court will consider Pirl's motion *in limine* as it pertains to his past conviction for first-degree murder.

Rule 609 provides that evidence of a past conviction may be admitted to attack a witness's character for truthfulness. FED R. EVID. 609.  However, the probative value of the past conviction must not be substantially outweighed by unfair prejudice. FED R. EVID. 609(a)(1)(A). When weighing the probative value of a prior conviction or offense against its prejudicial effect, courts may consider several factors, including the type of crime involved, when the conviction occurred, the importance of the witness's testimony to the case, the centrality of the witness's credibility, the impeachment value of the prior crime, and the similarity of the past crime to the case. *Prescott v. R&L Transfer, Inc.,* 2015 WL 12564230, *3 (W.D. Pa. Apr. 13, 2015) (citing *Pettijohn v. Wusinich,* 705 F. Supp. 259, 260 (E.D. Pa. 1989)). Here, the Court finds that Pirl's past conviction for first-degree murder is not relevant to the case at bar.  Moreover, after considering the factors referenced above, the Court finds that the probative value of Pirl's past conviction for first-degree murder would be substantially outweighed by unfair prejudice. Accordingly, the Court will grant Pirl's motion to preclude Defendants from offering evidence of his past first-degree murder conviction.

### 7. The Court Grants in Part and Denies in Part Pirl's Motion to Preclude Defendants from Offering Evidence Concerning Pirl's Disciplinary Record

The parties offer the same arguments concerning the admissibility of Pirl's disciplinary record as they do with respect to Pirl's past offenses and convictions. (ECF Nos.106, 130). In reviewing Pirl's disciplinary record (ECF No. 42-2 at Exhibit C), the Court finds that the entry for Misconduct Number D140021 is directly relevant to the facts and circumstances surrounding the

attack on Pirl.   Moreover, the Court finds that the probative value of disciplinary record Misconduct Number D140021 is not substantially outweighed by prejudice to Pirl. Accordingly, the Court will not preclude Defendants from admitting Misconduct Number D140021 into evidence.

However, the Court finds that the rest of the entries on Pirl's disciplinary record are not relevant to the case at bar.  Further, to the extent any of the other disciplinary record entries may be relevant to the case at bar, the Court finds that any probative value they may have is substantially outweighed by prejudice to Pirl.  Therefore, the Court will preclude Defendants from offering any other entries on Pirl's disciplinary record other than Misconduct Number D140021.

8. **The Court Grants Pirl's Motion to Preclude Evidence of Pirl's Unrelated February 20, 2021 Incident, Involving Injuries to Pirl's Right Hand**

Pirl moves the Court to preclude Defendants from offering evidence of a February 20, 2021 incident where Pirl harmed his hand because (1) the incident is irrelevant, and (2) the probative value of the incident is substantially outweighed by prejudice to Pirl. (ECF No. 108 at 2-4). Defendants filed no response to Pirl's motion.

Pirl states that the February 20, 2021 incident involved Pirl allegedly punching a wall in his cell block and suffering an injury to his right hand. (*Id.* at 3). Based on this description of the February 20, 2021 incident, the Court finds that any evidence concerning the February 20, 2021, would not be relevant to claims and defenses at issue in this case. Therefore, Defendants are precluded from offering evidence concerning the February 20, 201 incident involving injuries to Pirl's right hand.

9. **The Court Grants Pirl's Motion to Preclude Defendants from Offering Out-of-Court Statements and Speculative Statements from the Killinger Memo**

Finally, Pirl moves the Court to preclude Defendants from offering out-of-court statements and speculative statements included in the Killinger Memo. (ECF No. 110). Specifically, Pirl moves to exclude the following statements:

Statement One:    "It is believed that Pirl had a weapon in his hand when he swung at Jackson behind the handball court and caused the injury."

Statement Two:    "Pirl was asked if he knew why he was cut and his answer was, 'You already know'. [*sic*] What Pirl meant by this was that, [*sic*] it was over the slashing of inmate Trax's [*sic*] that was supposedly ordered by Pirl but Pirl never paid the inmate that slashed Trax."

Statement Three:    "All sources interviewed, stated that the reason for the slashing was because Pirl was supposed to [pay] [*sic*] an inmate to slash inmate Trax. The inmate did slash Trax but has never been paid. The inmates involved in the slashing and fight with Pirl were trying to get the money owed to the inmate who slashed Trax."

Defendants argue for the admissibility of each statement individually. (ECF No. 131). As to Statement One, Defendants argue for admissibility under the public records exception to the rule against hearsay. (*Id.* at 4). Further, Defendants argue that Statement Two is admissible because (1) it is an opposing party statement, FED. R. EVID. 801(d)(2), and (2) Killinger had the requisite personal knowledge of the facts contained in the statement. (ECF No. 131 at 5-6). Defendants offered no arguments in favor of the admissibility of Statement Three.

Here, the Court finds that Statement One is not admissible under public record exception to the rule against hearsay. Although portions of the Killinger Memo are likely admissible under the public records exception to the rule against hearsay, all statements contained in the Killinger Memo must also conform with an exception to the rule against hearsay. FED. R. EVID. 805. In

reviewing Statement One, the Court finds that Killinger's statement that "it is believed that Pirl had a weapon..." is not a factual finding as required under the public record exception, FED. R. EVID. 803(8)(A)(iii). Rather, it is an assertion of a belief, attributed to no one, offered to prove the truth of the matter asserted. Accordingly, Statement One will not be admitted into evidence because it is inadmissible hearsay.

Next, the Court finds that Statement Two is also inadmissible because Killinger lacks the requisite personal knowledge required under the Federal Rules of Evidence. Indeed, Statement Two consists of mere speculation on the part of Killinger of what Pirl meant when he said, "you already know." (ECF No. 109-2). Mere speculation is not personal knowledge. FED. R. EVID. 602. Accordingly, the Court will not admit Statement Two into evidence.

Lastly, the Court will not permit Statement Three to be admitted into evidence because (1) Statement Three is inadmissible hearsay, and (2) Killinger lacks the requisite personal knowledge required under Rule 602. First, Statement Three is inadmissible hearsay because Defendants are seeking to offer the statement for the truth of the matter asserted, namely, that Pirl was slashed for failing to pay another inmate to slash Trax. The Court finds that Statement Three is not admissible under any exception to the rule against hearsay. Further, Statement Three indicates that unidentified sources are the ones who have personal knowledge concerning the motive behind the attack on Pirl. Killinger had no personal knowledge of his own. Accordingly, Statement Three will not be admitted into evidence.

## IV.    Conclusion

For the foregoing reasons, the Court:

1. **GRANTS IN PART AND DENIES IN PART** Pirl's Motion to Preclude Statements Made by Cruz and Johnson (ECF No. 94);

2. **GRANTS** Pirl's Motion to Preclude Defendants from Offering Evidence and Arguments Relating to Matters Already Established as a Matter of Law (ECF No. 96);

3. **GRANTS** Pirl's Motion to Preclude Certain Statements from Fisher's Statement (ECF No. 98);

4. **GRANTS** Pirl's Motion to Preclude Certain Statements from Golden's Statement (ECF No. 100);

5. **GRANTS IN PART AND DENIES IN PART** Pirl's Motion to Preclude Defendants from Offering Derogatory Photographs and Prisoner Nicknames from the Killinger Memo (ECF No. 101);

6. **GRANTS** Pirl's Motion to Preclude Defendants from Offering Evidence Concerning Plaintiff's Past Offenses and Convictions (ECF No. 103);

7. **GRANTS IN PART AND DENIES IN PART** Pirl's Motion to Preclude Defendants from Offering Evidence Concerning Plaintiff's Disciplinary Record (ECF No. 105);

8. **GRANTS** Pirl's Motion to Preclude Evidence of Plaintiff's Unrelated February 20, 2021 Incident, Involving Injury to His Right Hand (ECF No. 107); and

9. **GRANTS** Pirl's Motion to Preclude Defendants from Offering Out-of-Court Statements and Speculative Statements from the Killinger Memo (ECF No. 109).

An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEMETRIUS PIRL,                     )
                                    )          Case No. 3:19-cv-208
                  Plaintiff,        )
                                    )          JUDGE KIM R. GIBSON
          v.                        )
                                    )
RINGLING, *et al.*,                 )
                                    )
                  Defendants.       )

### <u>ORDER</u>

**AND NOW**, this 5th day of August, 2022, upon consideration of Plaintiff's Motions to:

1.  Preclude Statements Made by Inmates Aaron Cruz and Chris Johnson (ECF No. 94);

2.  Preclude Defendants from Offering Evidence and Arguments Relating to Matters Already Established as a Matter of Law (ECF No. 96);

3.  Preclude Certain Statements from William D. Fisher's Written Statement (ECF No. 98);

4.  Preclude Certain Statements from Officer William J. Golden's Statement (ECF No. 100);

5.  Preclude Defendants from Offering Derogatory Photographs and Prisoner Nicknames from the Killinger Memo (ECF No. 101);

6.  Preclude Defendants from Offering Evidence Concerning Plaintiff's Past Offenses and Convictions (ECF No. 103);

7.  Preclude Defendants from Offering Evidence Concerning Plaintiff's Disciplinary Record (ECF No. 105);

8. Preclude Evidence of Plaintiff's Unrelated February 20, 2021 Incident, Involving Injury to His Right Hand (ECF No. 107); and

9. Preclude Defendants from Offering Out-of-Court Statements and Speculative Statements from the Killinger Memo (ECF No. 109).

and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that the Court:

1. **GRANTS IN PART AND DENIES IN PART** Pirl's Motion to Preclude Statements Made by Cruz and Johnson (ECF No. 94);

2. **GRANTS** Pirl's Motion to Preclude Defendants from Offering Evidence and Arguments Relating to Matters Already Established as a Matter of Law (ECF No. 96);

3. **GRANTS** Pirl's Motion to Preclude Certain Statements from Fisher's Statement (ECF No. 98);

4. **GRANTS** Pirl's Motion to Preclude Certain Statements from Golden's Statement (ECF No. 100);

5. **GRANTS IN PART AND DENIES IN PART** Pirl's Motion to Preclude Defendants from Offering Derogatory Photographs and Prisoner Nicknames from the Killinger Memo (ECF No. 101);

6. **GRANTS** Pirl's Motion to Preclude Defendants from Offering Evidence Concerning Plaintiff's Past Offenses and Convictions (ECF No. 103);

7. **GRANTS IN PART AND DENIES IN PART** Pirl's Motion to Preclude Defendants from Offering Evidence Concerning Plaintiff's Disciplinary Record (ECF No. 105);

8.  **GRANTS** Pirl's Motion to Preclude Evidence of Plaintiff's Unrelated February 20,

   2021 Incident, Involving Injury to His Right Hand (ECF No. 107); and

9.  **GRANTS** Pirl's Motion to Preclude Defendants from Offering Out-of-Court

   Statements and Speculative Statements from the Killinger Memo (ECF No. 109).


**BY THE COURT:**

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**